against Josiah J. White, as guardian, etc., and others. No opinion. Application for peremptory writ of mandamus denied.

CARDEZA et al., Appellants, v. GRISWOLD, Respondent. (Supreme Court, Appellate Division, Second Department. January 26, 1906.) Action by Howard J. M. Cardeza and others against William E. S. Griswold, as trustee in bankruptcy, etc. No opinion. Judgment, so far as appealed from, affirmed, with costs.

In re CAROMONTE. (Supreme Court, Appellate Division, Second Department. December 29, 1905.) In the matter of the application of Dominico Caromonte for writs of habeas corpus and certiorari. No opinion. Order affirmed.

CARR, Respondent, v. AMERICAN GLUCOSE CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. December 6, 1905.) Action by Louis Carr, by guardian, etc., against the American Glucose Company. No opinion. Motion for leave to appeal to the Court of Appeals denied, with $10 costs.

CAVANAUGH, Appellant, v. THORNE, Respondent. (Supreme Court, Appellate Division, First Department. February 13, 1906.) Action by Henry S. Cavanaugh against Oakleigh Thorne. No opinion. Motion to dismiss appeal granted, with $10 costs.

CENTRAL TRUST CO., Respondent, v. EGLESTON et al., Appellants. (Supreme Court, Appellate Division, First Department. December 30, 1905.) Action by the Central Trust Company against Amy D. Egleston and others and William C. Egleston and others. D. Nason, L. B. Beers, and A. Stickney, for appellants. A. H. Van Brunt, for respondent. No opinion. Judgment affirmed, with costs on opinion in the court below. 95 N. Y. Supp. 945.

CENTURY MERCANTILE CO., Appellant, v. HEERAN, Sheriff, Respondent. (Supreme Court, Appellate Division, Third Department. January 8, 1906.) Action by the Century Mercantile Company against Matthew A. Heeran, late sheriff of the county of Rensselaer. No opinion. Interlocutory judgment affirmed, with costs, with usual leave to amend on payment of costs.

CHICHESTER, Respondent, v. WINTON MOTOR CARRIAGE CO., Appellant. (Supreme Court. Appellate Division, Second Department. December 8, 1905.) Action by Daniel R. Chichester against the Winton Motor Carriage Company. No opinion. Order affirmed, with $10 costs and disbursements.

CHICHESTER, Respondent, v. WINTON MOTOR CARRIAGE CO., Appellant. (Supreme Court, Appellate Division, Second Department. January 26, 1906.) Action by Daniel R. Chichester against the Winton Motor

Carriage Company. No opinion. Motion to dismiss appeal denied.

CHOLET, Respondent, v. CITY OF SYRACUSE, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 3, 1906.) Action by Minnie Cholet against the city of Syracuse.

PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to the appellant to abide event upon questions of law only; the facts having been examined and no error found therein. Held, that as matter of law the evidence failed to establish actionable negligence on the part of defendant or freedom from contributory negligence on the part of the deceased.

HISCOCK, J. I dissent. This action was brought to recover damages for the death of plaintiff's intestate and husband alleged to have been caused by the negligence of the defendant. Said intestate was found dead at the bottom of an elevator shaft in the city hall owned and occupied by the defendant. Nobody saw the accident. It is claimed by the plaintiff that while employed by the defendant for the purpose of repairing the elevator running in said shaft he attempted to enter said elevator, and that the latter, without his knowledge, having been moved from the floor where he had left it, he was precipitated into the shaft and killed. Under her notice of claim and under the instructions given by the learned trial justice to the jury, the plaintiff is limited to the sole complaint that defendant was negligent in not furnishing such sufficient light in and around the elevator and elevator shaft as would have enabled intestate to discover that the elevator had been moved. While the evidence is meager at certain points, I still think that it furnished a sufficient basis to permit and sustain the verdict of the jury, and that the judgment should be affirmed. The jury were entitled amongst others to find the following facts as existing at and before the time of the accident: The defendant maintained a building known as its city hall which in part was occupied by various municipal offices and departments. This building was three or more stories in height. Its length ran in a general northerly and southerly direction. The basement floor, with which we are specially concerned, was traversed in its center from north to south by a long hall. This hall was intersected by another one running from Market street upon the easterly side to Montgomery street upon the westerly side. The elevator shaft in question was located a few feet from the southeasterly corner of this intersection. In this shaft moved an elevator whose construction requires no particular attention and in front of the elevator opening upon each floor was a grill ironwork and sliding door with a catch, which, when in order, could not be opened from the outside of the shaft except with a key. Three lights were located in the long hall above mentioned, one at each end, and one at the intersection formed by the side hall. These lights were in the ceiling, and in each case consisted of a cluster of three incandescent lights inclosed in a large clouded or frosted globe 15 inches in diameter and 11 feet and 6 inches from the floor. The hall received no